[Crim. No. 1590.   Fourth Dist.   Dec. 26, 1961.]

THE PEOPLE, Plaintiff and Appellant, v. CARL S. KEGLEY, Defendant and Respondent.

Stanley Mosk, Attorney General, Charles A. O'Brien, Chief Assistant Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Plaintiff and Appellant.

Russell E. Parsons for Defendant and Respondent.

SHEPARD, J.—This is an appeal by plaintiff from an order granting a motion to set aside a grand jury indictment against defendant.

FACTS

The facts appearing in the record before us are in essence as follows: During a grand jury investigation of the governmental affairs of the City of Elsinore, testimony was given to the grand jury that defendant, who was city attorney of said city, presented to the city council and city clerk of said city, certain claims by which he sought payment to himself of certain amounts. Among the items for which he thus

claimed reimbursement were a large number of long distance telephone call charges which he claimed to have incurred on business conducted on behalf of said city. He appeared and testified before the grand jury. Many of the telephone calls, upon checking, appeared to have been on his personal private matters and not on city business. Questioned on telephone charges appearing in claims presented by defendant during the first half of the year 1960, he admitted that many of them were, in fact, private calls and should not have been claimed from the city. An examination of the record discloses more than 50 such calls. In addition the record discloses more that 40 long distance telephone charges for which reimbursement was claimed from the city for which defendant had never been charged at all by the telephone company and for which defendant could offer no explanation whatever. A large number of other items defendant could offer no explanation for. Defendant's secretary testified in effect that all items for telephone toll charges were approved by defendant before being included in the claim against the city. The claims were paid to him from the city treasury. Other details of the testimony need not be recounted.

The grand jury returned an indictment against the defendant, charging him with a violation of Penal Code section 72 (presenting a false and fraudulent claim to a city with intent to defraud). Defendant moved under Penal Code section 995, first subdivision 2, to set aside the indictment on the ground that defendant was indicted without reasonable or probable cause. The motion was granted. Plaintiff appeals.

### Intent

In substance, respondent's argument in support of the court's order is that the evidence presented to the grand jury failed, as a matter of law, to show intent to defraud. Defendant argues forcibly that the explanation offered by defendant to the grand jury, by which defendant in effect stated that the false claims were an innocent mistake on his part, nullified any possible finding of fraudulent intent. With this we are unable to agree.

The grand jury was under no legal compulsion to believe the defendant. ■■ On a motion to set aside an indictment, a trial court may not reweigh the evidence and substitute its judgment for that of the grand jury. Where the evidence on its face, if believed by the grand jury, was legally sufficient, the judgment and discretion of the grand jury will not

be interfered with. (*Lorenson* v. *Superior Court,* 35 Cal.2d 49, 55 [1] [216 P.2d 859]; *People* v. *Olf,* 195 Cal.App.2d 97 [6] [15 Cal.Rptr. 390]; *People* v. *Cornette,* 158 Cal. App.2d 724, 728 [1] [322 P.2d 1001]; *People* v. *Flanders,* 140 Cal.App.2d 765, 768 [3-4] [296 P.2d 13]; *People* v. *Nathanson,* 134 Cal.App.2d 43, 45 [284 P.2d 975]; *McFarland* v. *Superior Court,* 88 Cal.App.2d 153, 157-159 [2-6] [198 P.2d 318]; *People* v. *Finkel,* 70 Cal.App.2d 508, 516 [10] [161 P.2d 298].)

No other points are raised by respondent.

The order setting aside the indictment is reversed.

Griffin, P. J., and Coughlin, J., concurred.

A petition for a rehearing was denied January 17, 1962, and respondent's petition for a hearing by the Supreme Court was denied March 14, 1962. Schauer, J., McComb, J., and White, J., were of the opinion that the petition should be granted.