[Civ. No. 10172. Fourth Dist., Div. One. July 23, 1970.]

CHARLES PAUL BECKERS, Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## COUNSEL

James D. Riddet for Petitioner.

Cecil Hicks, District Attorney, Michael R. Capizzi and Oretta D. Sears, Deputy District Attorneys, for Respondent and Real Party in Interest.

## OPINION

**COUGHLIN, Acting P. J.** — Petitioner, Beckers, by information was charged with possession of dangerous drugs; moved under Penal Code section 995 to dismiss the information; and by this proceeding under Penal Code section 999a seeks reversal of the order denying his motion.

The issue is whether the lawfulness of the entry of police officers into a dwelling resulting in petitioner's search and arrest was established in the preliminary hearing by legally admissible evidence.

On December 2, 1969, at 10:35 p.m., police officers went to a residence at 1214 Fairywood Lane in the City of Laguna Beach, occupied by Robert Gibson, as lessee, for the purpose of arresting Gibson and searching the premises as part of a narcotics investigation; arrested Gibson and entered the residence. Upon entry the officers announced they were conducting a narcotics investigation. A number of people were present including petitioner upon whose arms an officer noted "numerous marks"; who was asked if he would object to a search of his person for narcotics; who replied "Hey, Man, I haven't touched that stuff for a long time. I just got out of the hospital last week. You can search me"; who was searched; and on whose person the officer found dangerous drugs.

At the preliminary hearing, over objection by petitioner, one of the officers testified the purpose of going to the residence was to execute arrest

warrants charging Robert Gibson with "two counts of sales" and "for maintaining a house"; and also to execute a search warrant for a search of the person of Robert Gibson and the premises in and around 1214 Fairywood Lane. This testimony was nonresponsive to a question asked the officer. Petitioner moved to strike it upon the ground the warrants were the best evidence of their contents. The motion was denied. Thereafter, upon objection to the admission of evidence obtained following entry of the premises, the issue of the legality of the entry was asserted; petitioner again objected to the testimony respecting the contents of the warrants; and a demand was made "that the warrant be produced." The objection was overruled. At the conclusion of the preliminary hearing petitioner objected "to being bound over" on the ground there was an illegal entry, an illegal search and an illegal seizure of the drugs which were on his person.

■ Under the posture of the proceedings at the preliminary hearing the entry was lawful only if made as an incident to Gibson's arrest pursuant to a warrant of arrest or in execution of a search warrant. (*People* v. *Roberts,* 246 Cal.App.2d 715, 725 [55 Cal.Rptr. 62].) Petitioner challenged the legality of the entry. In light of that challenge the burden of proving its legality was upon the People. (*People* v. *Burke,* 61 Cal.2d 575, 578 [39 Cal.Rptr. 531, 394 P.2d 67]; *People* v. *Wohlleben,* 261 Cal. App.2d 461, 465 [67 Cal.Rptr. 826].)

■ Assuming the testimony heretofore related supports the inference the officers were on the premises to execute arrest warrants and a search warrant, that part of the testimony relating the contents of those warrants was inadmissible upon objection it was not the best evidence. (*People* v. *Wohlleben, supra,* 261 Cal.App.2d 461, 465; see also *Allen* v. *McKay & Co.,* 139 Cal. 94, 101 [79 P. 713]; *People* v. *Bartlett,* 199 Cal.App.2d 173, 178 [18 Cal.Rptr. 480]; *Family Service Agency of Santa Barbara* v. *Ames,* 166 Cal.App.2d 344, 349-350 [333 P.2d 142]; *Murphy* v. *Nielsen,* 132 Cal.App.2d 396, 399-400 [282 P.2d 126].)[1] ■ Evidence of the contents of the arrest warrants was essential to proof of the legality of the conduct of the officers in arresting Gibson and entering the premises. Material to this issue was the question whether the warrants of arrest were for felonies or misdemeanors; if for misdemeanors, whether arrests in the nighttime were authorized; and whether Gibson was the person to be arrested. (Pen. Code, §§ 814, 815, 840.) ■ Evidence of the contents

---

[1]Respondent directs attention to the opinion in *Hewitt* v. *Superior Court,* 5 Cal.App. 3d 923, 930 [85 Cal.Rptr. 493], questioning "Wohlleben's application of the best evidence rule." The statement in question was unnecessary to the decision. Furthermore, contrary to the situation in *Hewitt,* the proceedings at the preliminary hearing in the case at bench directly presented the issue whether petitioner was arrested pursuant to the provisions of a warrant authorizing such arrest, which required proof of the contents of the warrant.

of the search warrant was essential to proof whether Gibson and the premises at 1214 Fairywood Lane were the person and premises subject to the search authorized by the warrant; and whether it might be executed in the nighttime. (Pen. Code, §§ 1529, 1533.) Pertinent to the case is the statement of the court in *People* v. *Burke, supra,* 61 Cal.2d 575, 578, that: "Ordinarily proof of the existence of a search warrant is a simple matter, and in the face of an objection that the evidence has been illegally obtained it seems obvious that the prosecution will produce a warrant if one exists."

■ The refusal of the prosecution in the case at bench to produce the warrants upon which the officers purported to rely in making the arrest of Gibson and the search of his residence justifies the suspicion those warrants did not support the action taken. ■ In addition, where an arrest or search pursuant to a warrant is relied upon to justify entry into a residence and the sufficiency thereof to support such action is challenged by a defendant, the prosecution rather than the defendant should bear the burden of producing the warrant, because the prosecution rather than the defendant caused the warrant to be issued, has knowledge of the proceeding in which it was issued, and also has knowledge of the court out of which it was issued. ■ The order of the magistrate admitting oral proof of the contents of the warrants in question was error. Without such proof the admissible evidence in the proceeding did not support the finding, necessitated by petitioner's challenge to the legality of the entry, that the entry was lawful; lacking such proof evidence of the events occurring after entry was inadmissible; and without the latter there was no evidence supporting the charge against petitioner. ■ Where the only evidence in support of an information is inadmissible evidence, on motion under Penal Code section 995 the information must be set aside. (*Rogers* v. *Superior Court,* 46 Cal.2d 3, 7 [291 P.2d 929]; *People* v. *Bartlett, supra,* 199 Cal. App.2d 173, 179.)

■ Evidence of a search and arrest of a person in a dwelling, following an unlawful entry therein by the police, even though the search was upon consent of the person, is inadmissible under the principles stated and applied in *Wong Sun* v. *United States,* 371 U.S. 471 [9 L.Ed.2d 441, 83 S.Ct. 407, 417]; *People* v. *Superior Court,* 71 Cal.2d 265, 270 [78 Cal.Rptr. 210, 455 P.2d 146]; *People* v. *Sesslin,* 68 Cal.2d 418, 426 [67 Cal.Rptr. 409, 439 P.2d 321]; *People* v. *Henry,* 65 Cal.2d 842, 846 [56 Cal.Rptr. 485, 423 P.2d 557]. The magistrate, acting under the erroneous belief the evidence supported the conclusion entry into the dwelling was made pursuant to valid warrants, made no finding on the issue whether petitioner's consent to search was tainted by the illegal entry as is required when the lawfulness of the entry is contested. (*People* v. *Sesslin, supra,* 68 Cal.2d 418,

428; *People* v. *Henry, supra,* 65 Cal.2d 842, 846.) Furthermore, the facts at hand indicate under the circumstances of this case the consent of petitioner did not purge the search and arrest of the primary taint of illegality resulting from the unlawful entry. ■ Appropriate to the issue at hand is the statement of the court in *People* v. *Henry, supra,* 65 Cal.2d 842, 846, that: "A search and seizure made pursuant to consent secured immediately following an illegal . . . entry are, of course, inextricably bound up with the illegal conduct and cannot be segregated therefrom."

■ ■ Although the foregoing conclusions require issuance of the requested writ, in light of the probability of prosecution of the case under another complaint (see Pen. Code, § 999), we consider the contention of petitioner the evidence establishes, as a matter of law, entry of the officers into the dwelling was illegal because they failed to comply with the knock and notice provision of Penal Code section 1531. There is no merit to the contention. Substantial compliance with the provisions in question is sufficient (*Greven* v. *Superior Court,* 71 Cal.2d 287, 291 [78 Cal.Rptr. 504, 455 P.2d 432]; *People* v. *Rosales,* 68 Cal.2d 299, 302 [66 Cal.Rptr. 1, 437 P.2d 489]; *People* v. *Cockrell,* 63 Cal.2d 659, 665 [47 Cal.Rptr. 788, 408 P.2d 116]; see also *People* v. *Limon,* 255 Cal.App.2d 519, 521-522 [63 Cal.Rptr. 91]), and the evidence in the case at bench adequately supports a finding of substantial compliance. When the officers came to the residence they found Gibson on the porch of the dwelling immediately outside the front door, advised him they were police officers; told him they had a warrant for his arrest and a warrant to search the premises, told him he was under arrest, showed him a copy of the search warrant, and demanded entry into the house. It appears there were two front doors across the entryway into the house; one was a paneled door and the other a screen door. The paneled door was open; whether the screen door was open or closed was not established. The officers were able to see into the house and observed a great number of people. Gibson entered first, followed by the officers. There was some pushing and shoving. After getting inside the officers announced they were making a narcotics investigation. Petitioner contends Gibson could not consent to entry into the house because he was on the outside, citing in support of this position the decision in *Duke* v. *Superior Court,* 1 Cal.3d 314, 321 [82 Cal.Rptr. 348, 461 P.2d 628]. Reliance upon the cited case is misplaced. Gibson was not absent from the premises when the officers identified themselves, stated their purpose and demanded entry into his dwelling. The fact he was not inside the dwelling is immaterial. Inferentially, petitioner contends the officers, before entry, should have announced to all of the occupants in the dwelling their presence, identified themselves as officers, made a demand for entry and stated their purpose.

The provisions of Penal Code section 1531 prescribe the requirements preceding breaking into a house to execute a search warrant. In the case at bench Gibson, the lessee of the dwelling, entered and the officers followed. There was no breaking into the residence. (See *People* v. *Superior Court,* 5 Cal.App.3d 109 [84 Cal.Rptr. 778].) ▮ Furthermore, section 1531 does not require the officers to give notice of their authority and the purpose of their presence to all persons on the premises to be searched. It would be unreasonable to read into section 1531 such a requirement.

Let a writ issue as prayed for.

Ault, J., and Whelan, J., concurred.