[Crim. No. 22140. Second Dist., Div. Two. Mar. 7, 1973.]

THE PEOPLE, Plaintiff and Respondent, v.
CHARLES CLIFFORD LIVERMORE et al., Defendants and Appellants.

## COUNSEL

R. William Shpall, under appointment by the Court of Appeal, for Defendants and Appellants.

Evelle J. Younger, Attorney General, Edward A. Hinz, Jr., Chief Assistant Attorney General, William E. James, Assistant Attorney General, Frederick R. Millar, Jr., and Juliet H. Swoboda, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**COMPTON, J.**—Defendants Charles Clifford Livermore and Alice Christine Trujillo were charged in five counts, as follows: count 1—sale of a restricted dangerous drug (Health & Saf. Code, § 11912); count 2—possession of benzedrine tablets (Health & Saf. Code, § 11910); count 3—

possession of marijuana (Health & Saf. Code, § 11530); count 4—possession of seconal (Health & Saf. Code, § 11910); and count 5—possession of codeine (Health & Saf. Code, § 11500). Appellants' pretrial motion to suppress the evidence relative to counts 2 through 5, pursuant to Penal Code section 1538.5, was denied. Following a nonjury trial appellants were each found guilty as charged on counts 2, 3 and 4. Each appeals from the judgment (order granting probation) entered against him. On appeal, appellants contend that the evidence of their guilt should have been suppressed because the officer who discovered that evidence failed to comply with the requirements of Penal Code section 1531.

## FACTS[1]

Pursuant to a search warrant, the issuance of which appellants do not contest, Officer John Marsden and Sergeant John Senger of the Torrance Police Department, along with other officers of the Torrance and Inglewood Police Departments went to appellants' home on the afternoon of December 20, 1971. Upon arrival the officers observed that the front door was open, with a screen door closed across it. Officer Marsden knocked and a female voice said, "Come in." Officer Marsden stated, "Police officers. We are here to serve a search warrant on the premises." Officer Marsden and Sergeant Senger then entered and observed appellant Trujillo. Marsden repeated that he was a police officer and had a search warrant for the premises. He showed her the original search warrant and handed her a copy.

While Officer Marsden was speaking to appellant Trujillo in the living room, Sergeant Senger walked through the hall and came to the door of the east bedroom. Senger testified that the door to the bedroom was open and that he proceeded into the bedroom. Senger testified that he announced "Police officer," as he entered the bedroom. Appellant Livermore was in bed, but appeared to be awake. A search of the bedroom revealed a substantial quantity of benzedrine tablets, as well as marijuana, barbiturate tablets and other drugs.

The trial court found that the original entry into the home was consensual. The court then stated: "I do not read 1531 to require there to be any additional authority to enter a room after entry into the house is made. Certainly in this case the officer did indicate the door was opened.

---

[1]The facts stated here are based upon the evidence presented at the hearing on appellants' motion pursuant to section 1538.5. The hearing was submitted on the testimony contained in the transcript of the preliminary hearing, plus additional testimony presented by both sides.

That is the testimony before the court. . . . In any event I do not find that 1531 would require that there be the same restriction imposed upon the officers in order to go into every room of the house by announcing their presence and announcing the purpose for which they were there. The motion under 1538.5 is denied."

## DISCUSSION

The issue here is: Having received consent to enter the house and having told appellant Trujillo of the search warrant, was the officer who entered the bedroom where appellant Livermore had been sleeping required by Penal Code section 1531 to give notice of his authority and purpose before entering that particular room?

Penal Code section 1531 provides: "The officer may break open any outer or *inner door* or window of a house, or any part of a house or anything therein, to execute the warrant, if, after notice of his authority and purpose, he is refused admittance." (Italics added.)

In *People* v. *Superior Court (Proctor)* 5 Cal.App.3d 109, at page 115 [84 Cal.Rptr. 778], it was pointed out that "The exclusionary rule must be recognized as strong medicine which improperly employed may have highly undesirable side effects."

██ In deciding whether the application of Penal Code section 1531 should lead to suppression of evidence seized pursuant to a search warrant, the test is one of substantial compliance (see *Beckers* v. *Superior Court*, 9 Cal.App.3d 953 [88 Cal.Rptr. 602]) taking into consideration the underlying purpose of the requirements of that section. Each case must stand on its own facts.

The results of the officer's action in obeying a validly issued court order to search should not be lightly set at naught by a hyper-technical application of a statute which does not affect the basic legality of the search.

The purpose of both Penal Code section 844[2] and section 1531 is to minimize "[t]he consequences of . . . an unannounced intrusion" with the resultant "resistance to the intruders and violent death or injury to them or others including innocent third parties." (*People* v. *Bradley*, 1

---

[2] Penal Code section 844 provides: "To make an arrest, a private person, if the offense be a felony, and in all cases a peace officer, may break open the door or window of the house in which the person to be arrested is, or in which they have reasonable grounds for believing him to be, after having demanded admittance and explained the purpose for which admittance is desired."

Cal.3d 80, 88 [81 Cal.Rptr. 457, 460 P.2d 129]; also, *People* v. *Superior Court (Proctor) supra.*)

"[S]ection 1531 does not require the officers to give notice of their authority and the purpose of their presence to all persons on the premises. . . ." (*Beckers* v. *Superior Court, supra,* at p. 960.) Nor does that section require that officers, armed with a warrant to search a structure, make the prescribed announcements in connection with their entry into each room or subarea thereof.

■ While special circumstances[3] may, in some cases, require compliance with section 1531 prior to breaking an inner door, the most reasonable interpretation of that section is that the "notice of authority and purpose" requirement is directed to the initial entry of the structure to which the warrant is directed.

In the case at bar the officers fully complied with Penal Code section 1531 at the time of their entry into the house. Their subsequent nonviolent entry of an occupied bedroom through an open door was not a "breaking" which required a repetition of the notice.

The judgments are affirmed.

Roth, P. J., and Herndon, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied May 3, 1973.

---

[3]Examples of such circumstances would be where the warrant directs the search of only one room inside a structure or several unconnected units within a large building.