936 F.2d 1084
 DE ANZA PROPERTIES X, LTD., a California Limited
Partnership; William H. Douglas; Melba C.
Douglas, as Trustees of the Douglas
Family Trust, Plaintiffs-Appellants,
v.
COUNTY OF SANTA CRUZ, Defendant-Appellee.
 No. 89-15750.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Oct. 3, 1990.
Decided June 28, 1991.
 
 Charles S. Treat, Latham & Watkins, Los Angeles, Cal., for plaintiffs-appellants.
 Fran M. Layton, Shute, Mihaly & Weinberger, San Francisco, Cal., for defendant-appellee.
 Appeal from the United States District Court for the Northern District of California.
 Before SCHROEDER, FERGUSON and BRUNETTI, Circuit Judges.
 SCHROEDER, Circuit Judge:
 
 
 1
 Appellants, collectively termed "De Anza," own mobile home parks in Santa Cruz County, California. In 1987, they filed this action against the county challenging the county's mobile home rent control ordinance. Their suit followed in the wake of this court's 1986 decision in Hall v. City of Santa Barbara, 833 F.2d 1270 (9th Cir.1986), cert. denied, 485 U.S. 940, 108 S.Ct. 1120, 99 L.Ed.2d 281 (1988), which held for the first time that local governments' enactments of rent control ordinances in California might constitute takings without just compensation within the meaning of the fifth and fourteenth amendments. Santa Cruz County enacted the challenged provisions of its rent control ordinance in 1982, more than five years before De Anza filed this suit. The district court dismissed on statute of limitations grounds. De Anza appeals and we affirm.
 
 
 2
 The operation of appellants' mobile home parks is similar to the operation of the parks in Hall. Individuals rent sites from De Anza and park their mobile homes there; De Anza provides utilities, common areas, and other amenities. Once a home is parked, it is generally not moved. Should the owner wish to leave, the mobile home is sold and the new owner becomes a tenant. The challenged provisions of the ordinance also operate in a manner similar to the ordinance challenged in Hall. As enacted in 1982 and in effect in 1987, the ordinance established a base rent for each mobile home space that was equal to the amount of rent charged for that space in 1982. The ordinance allowed yearly rent adjustment increases and special rent adjustments with the approval of a hearing officer. A key challenged provision provided that the maximum rent for a particular site could not be modified when a tenant sold a mobile home to a third party. Santa Cruz County Ordinance 3224 Sec. 13.13.070. In Hall, we permitted plaintiffs to pursue their claim that when the City of Santa Barbara enacted a similar ordinance, it "transferred a possessory interest" from the plaintiffs-owners to the tenants. 833 F.2d at 1276.
 
 
 3
 It is undisputed that if the appellants' cause of action in this case accrued when the ordinance was enacted in 1982, then the appellants' claim is time-barred. Appellants allege a violation of 42 U.S.C. Sec. 1983. Under Wilson v. Garcia, 471 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985), the statute of limitations for all section 1983 claims in California is now one year. Prior to Wilson v. Garcia, we had held that the statute of limitations for California for section 1983 suits was three years. See Smith v. Cremins, 308 F.2d 187 (9th Cir.1962). Resolving retroactivity issues arising out of Wilson v. Garcia, we have held that, in California, where the effect of Wilson was to shorten the limitations period, the applicable statute of limitations is "either three years from the time the cause of action arises or one year from Wilson, depending upon which period expires first." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir.1987). In this case, the complaint was filed January 22, 1987. This was neither within three years of the April 1982 enactment of the ordinance, nor within the one-year post-Wilson period that expired April 17, 1986. Thus, if De Anza's cause of action accrued with enactment in 1982, the action is barred by the statute of limitations. The dispositive issue is therefore whether De Anza's cause of action accrued when the county enacted the ordinance in 1982.
 
 
 4
 In attempting to circumvent the limitations bar, the appellants offer two distinct contentions. They first contend that their cause of action did not accrue until the county amended the ordinance to remove the sunset provision originally contained in 1982. That amendment, ironically, did not occur until August 1987, several months after plaintiffs filed their original complaint. Their second contention is that their injury stems not from the enactment of the ordinance but from the sale of the mobile homes, and that a new cause of action accrues each time that a mobile home is sold. Neither contention has merit.
 
 
 5
 We deal first with the appellants' contention that their present claims accrued with the 1987 amendment of the ordinance. As originally enacted, the ordinance contained a provision that it would expire within five years unless reenacted. The county subsequently reenacted the ordinance with a new sunset provision, and in August of 1987 the county amended the ordinance to delete the sunset provision in its entirety.
 
 
 6
 Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury. See Norco Constr., Inc. v. King County, 801 F.2d 1143, 1146 (9th Cir.1986); Gibson v. United States, 781 F.2d 1334, 1344 (9th Cir.1986), cert. denied, 479 U.S. 1054, 107 S.Ct. 928, 93 L.Ed.2d 979 (1987). De Anza's theory is that the original enactment with the sunset provision constituted only a "temporary" taking, and that its present claims are for a different, "permanent" taking. Under De Anza's theory, the statute of limitations began to run in 1982 for the temporary taking, and again in 1987 for a "permanent taking."
 
 
 7
 The flaw in this theory is that the provision of the ordinance which they challenge has remained exactly the same since 1982. The conduct of the county has thus remained exactly the same at all times material to this case, and the effect of the ordinance upon the plaintiffs has not altered. Appellants were experiencing substantially the same injury in 1982 that they experienced in 1987. They were on notice that their property interests would be affected by the ordinance at the time it was enacted. There is no basis for distinguishing between two types of injury.
 
 
 8
 De Anza's reliance on Court of Claims and Claims Court cases is misplaced. In R.J. Widen Co. v. United States, 357 F.2d 988 (Ct.Cl.1966) (per curiam), the owner of condemned property obtained compensation from the federal government and the state of Massachusetts. The property was occupied first by the United States for three months, and then by Massachusetts. Although De Anza claims that this case supports a distinction between a "temporary" and an "indefinite" taking by the county, there were in Widen two separate takings by two separate sovereigns. Widen does not support De Anza's theory that when one sovereign acts through continuous operation of a statute, there can be more than one taking.
 
 
 9
 De Anza's reliance on aviation cases is also misplaced. These cases simply hold that where the government has taken an aviation easement by use of certain kinds of airplanes, the statute of limitations does not bar a claim based on the use of different aircraft which created a greater noise. See Powell v. United States, 1 Cl.Ct. 669, 673 (1983); A.J. Hodges Industries, Inc. v. United States, 355 F.2d 592 (Ct.Cl.1966); Avery v. United States, 330 F.2d 640, 165 Ct.Cl. 357 (1964). Recognition in those cases of a "second taking" was based on a change in the intensity and manner of government use of the air space.
 
 
 10
 In contrast to the different types of flights involved in aviation cases, the reenactment of the rent control ordinance here did not substantively change its impact upon the appellants. Appellants rely on the district court's decision on remand in Hall, arguing that it recognized that reenactment constituted a change. The only change, however, related to duration. Such a durational change may, as the district court's decision on remand in Hall recognized, affect damages. See also First English Evangelical Church v. County of Los Angeles, 482 U.S. 304, 318-22, 107 S.Ct. 2378, 2387-90, 96 L.Ed.2d 250 (1987) (using the term "temporary taking" to measure damages for the period during which an unconstitutional statute was effective). It does not, however, affect the accrual of a cause of action. Indeed, in Hall itself, the City of Santa Barbara had argued that because the ordinance could be repealed and was not permanent, no cause of action for a taking had accrued. This court held, however, that the possibility of repeal did not change the nature of the taking, stating the possibility that an action may be repealed or "undone" does not affect the existence of a taking claim. Hall, 833 F.2d at 1277. The county's amendment in 1987 giving the ordinance an indefinite rather than a definite duration did not create an entirely new cause of action for purposes of the statute of limitations.
 
 
 11
 We turn next to the appellants' alternative contention that a new cause of action accrues each time one of the appellants' tenants sells a mobile home to a new tenant and appellants are precluded from raising rent. De Anza's position is that the county effects a taking each time a tenant sells a mobile home. This position is untenable and irreconcilable with the rationale of Hall itself. The opinion in Hall makes clear that the action of the local government giving rise to a cause of action for a taking was the government's enactment of the ordinance itself. The claim which Hall recognized was a claim "that the Santa Barbara ordinance has transferred a possessory interest in [appellants'] land to each of their ... tenants." Id. at 1276. The Hall plaintiffs alleged that "the Santa Barbara Ordinance ... changes the fundamental relationship between the parties, giving landlord and tenant complementary estates in the same land." Id. at 1279. The Hall holding does not depend in any way on the existence of a sale, nor does it indicate that there had been any sale in that case.
 
 
 12
 Accordingly, we conclude that the district court properly dismissed the action as barred by the statute of limitations. It is therefore unnecessary for us to address any issues with respect to the ripeness of the appellants' claims or the availability of state remedies.
 
 
 13
 AFFIRMED.