[No. C008109. Third Dist. Mar. 24, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
LEROY GEORGE LEPEILBET, Defendant and Appellant.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rule 976.1, this opinion is certified for publication with the exception of parts II, III, and IV.

## Counsel

Lyle H. Shattuck, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp and Daniel E. Lungren, Attorneys General, Richard B. Iglehart, Chief Assistant Attorney General, Arnold O. Overoye, Assistant Attorney General, Michael Weinberger and Garrick W. Chock, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

SCOTLAND, J.—When officials have sought and been refused consent to inspect a premises for building, fire, safety, plumbing, electrical, health, labor or zoning violations, "notice that a[n inspection] warrant [Code of Civil Procedure section 1822.50 et seq.] has been issued must be given at least 24 hours before the warrant is executed, unless the judge [issuing the warrant] finds that immediate execution is reasonably necessary in the circumstances shown." (Code Civ. Proc., § 1822.56.)

This case presents the question whether failure to comply with the 24 hours' notice requirement compels suppression of evidence seized during the inspection. While we do not condone such lack of compliance, we conclude the trial court correctly determined the 24 hours' notice provision "is a procedural requirement and does not rise to the invasion of Fourth Amendment rights which would dictate a suppression of the evidence."

## FACTS

After unsuccessfully attempting to get defendant's consent to inspect, officers obtained an inspection warrant for defendant's property (the premises), including two dwellings, a storage shed, a camper, numerous inoperable or dismantled vehicles, and piles of scrap, refuse, debris and rubbish, to determine whether building, health, safety, zoning, and vehicle violations existed. The issuing judge did not find immediate execution of the warrant was reasonably necessary.

Contrary to the requirements of Code of Civil Procedure section 1822.56, defendant was not given at least 24 hours' notice before the warrant was executed.

Once officers were in defendant's residence, they observed numerous televisions, videocassette recorders, microwave ovens, tools and other items stacked in the living room. Believing the items to be stolen, officers confronted defendant with their suspicion and asked if he would consent to a search of the premises. Defendant assured officers there was no stolen property on the premises and signed a written form authorizing them to search the residence. During the ensuing search, officers found 68 grams of methamphetamine inside a metal box. After waiving his *Miranda* rights (*Miranda* v. *Arizona* (1966) 384 U.S. 436 [16 L.Ed.2d 694, 86 S.Ct. 1602, 10 A.L.R.3d 974]), defendant showed officers "other items of narcotics."

Defendant admitted the drugs belonged to him and was charged with possessing more than 57 grams of methamphetamine for sale. (Health & Saf. Code, § 11378; Pen. Code, § 1203.073, subd. (b)(2).)

At the preliminary hearing, defendant asked the magistrate to suppress evidence seized during execution of the inspection warrant (Pen. Code, § 1538.5) on the ground he was not given the statutorily required notice before the warrant was executed. In denying the motion, the magistrate held: "such failure does *not* require the exclusion of the evidence. The court finds the notice requirement to be a statutory procedural requirement and that non-compliance does not constitute a 4th [A]mendment violation." (Italics in original.)

In the superior court, defendant again moved to suppress the evidence on the ground, inter alia, that he was not given at least 24 hours' notice of the inspection warrant as required by Code of Civil Procedure section 1822.56. The court denied the motion, ruling: "the notice requirement of the Inspection Warrant is a procedural requirement and does not rise to the invasion of

Fourth Amendment rights which would dictate a suppression of the evidence."

Convicted by jury as charged, defendant appeals, contending the trial court erred in denying his motion to suppress the evidence seized during service of the inspection warrant. We shall affirm the judgment.

DISCUSSION

I

Code of Civil Procedure section 1822.50 et seq. authorizes issuance of an inspection warrant to determine whether a "place, dwelling, structure, premises or vehicle" is in compliance with state or local laws or regulations "relating to building, fire, safety, plumbing, electrical, health, labor, or zoning." (Code Civ. Proc. §§ 1822.50, 1822.51; further statutory references are to this code unless otherwise specified.) The affidavit in support of the warrant "shall contain either a statement that consent to inspect has been sought and refused or facts or circumstances reasonably justifying the failure to seek such consent." (§ 1822.51.)

Section 1822.56 limits the time and manner in which the inspection warrant may be served. Among other things it provides: "An inspection pursuant to a warrant shall not be made by means of forcible entry, except that the judge may expressly authorize a forcible entry where facts are shown sufficient to create a reasonable suspicion of a violation . . . which, if such violation existed, would be an immediate threat to health or safety, or where facts are shown establishing that reasonable attempts to serve a previous warrant have been unsuccessful." As previously noted, this section also provides: "Where prior consent has been sought and refused, notice that a warrant has been issued must be given at least 24 hours before the warrant is executed, unless the judge finds that immediate execution is reasonably necessary in the circumstances shown."

It is uncontested that officers sought and were refused defendant's consent to inspect his premises, that the judge issuing the warrant did not find immediate execution of the inspection warrant was reasonably necessary, and that defendant was not given 24 hours' notice before the inspection warrant was executed. ██ Because officials did not comply with the section 1822.56 notice requirement, defendant contends the evidence seized from his premises must be suppressed. In his view, the requirement "should be considered an implementation of the Fourth Amendment and it's [sic] violation of constitutional magnitude." We disagree.

██ Relevant evidence will not be excluded unless suppression is required by the Fourth Amendment of the United States Constitution. (Cal.

Const., art. I, § 28, subd. (d); *In re Lance W.* (1985) 37 Cal.3d 873, 886-887 [210 Cal.Rptr. 631, 694 P.2d 744]; *People v. Tillery* (1989) 211 Cal.App.3d 1569, 1579 [260 Cal.Rptr. 320].)

Whether a violation of section 1822.56 implicates Fourth Amendment safeguards was addressed in *Tillery, supra*. There, officers executing an inspection warrant violated the section's prohibition against forcible entry without judicial authorization. The court noted: "[A] statutory violation does not necessarily require suppression of evidence. Although the purpose of the statutory requirements for service of warrants is the implementation of the Fourth Amendment, the particular procedures the statute mandates are not necessarily part of the Fourth Amendment. [Citation.] Where, despite statutory violations, the search is 'reasonable' in the constitutional sense, exclusion of the evidence is not warranted. . . . [I]t is important to differentiate between the *right* to personal security free from unnecessary intrusions by the state and the *procedures* which have been established to protect that right." (211 Cal.App.3d at p. 1580, italics in original; see also, *Rodriquez v. Superior Court* (1988) 199 Cal.App.3d 1453, 1469-1470 [245 Cal.Rptr. 617] [a violation of Pen. Code, § 1533, which precludes nighttime service of a search warrant unless authorized by a magistrate, does not compel suppression of evidence "if the search is otherwise reasonable in the constitutional sense"]; *People v. Rawlings* (1974) 42 Cal.App.3d 952, 956 [117 Cal.Rptr. 651] ["Where a statute . . . does not specifically provide that evidence shall be excluded for failure to comply with said statute and there are no constitutional issues involved . . . such evidence is not inadmissible"].)

With this principle in mind, the *Tillery* court examined the purpose of the prohibition against use of force without judicial authorization in executing an inspection warrant. "[O]ne of the purposes of this procedure is to avoid violent confrontations between owners and/or occupants of private residences and the administrative inspectors." (211 Cal.App.3d at p. 1581.) By violating this statutory procedure, the officers in *Tillery* caused the very thing the statute was designed to prevent, a violent episode during which the occupant fought with officers as they attempted to restrain him and enter the premise. The court concluded such official conduct was not reasonable within the meaning of the Fourth Amendment because the "government's interest in conducting the administrative search did not justify the forceful and coercive nature of the intrusion." (*Ibid.*) Thus, it ordered that evidence seized during the inspection must be suppressed.[1]

Here, unlike the statutory violation in *Tillery*, the officers' failure to comply with the 24 hours' notice provision of section 1822.56 did not

---

[1]Cf. *People v. Jacobs* (1987) 43 Cal.3d 472, 484 [233 Cal.Rptr. 323, 729 P.2d 757] (in the absence of exigent circumstances, noncompliance with Pen. Code, § 844, which authorizes an officer to use force in entering a house to make an arrest after having demanded admittance

contravene the reasonableness requirement of the Fourth Amendment. Although the Legislature undoubtedly had a legitimate reason for imposing the 24 hours' notice provision as a matter of administrative policy,[2] the *Fourth Amendment* does not compel officials to give at least 24 hours' notice before executing an inspection warrant. (Cf. *Camara* v. *Municipal Court* (1967) 387 U.S. 523 [18 L.Ed.2d 930, 87 S.Ct. 1727]; *See* v. *Seattle* (1967) 387 U.S. 541 [18 L.Ed.2d 943, 87 S.Ct. 1737].) The Fourth Amendment requires only "minimal limitations on administrative action [to inspect for building, health, safety, vehicle and zoning violations]." (*See* v. *Seattle, supra,* 378 U.S. at p. 545 [18 L.Ed.2d at p. 947].) ■ To comply with the constitutional requirement of reasonableness, an inspection warrant must be issued by a judicial officer based on a showing that reasonable legislative or administrative standards for conducting an inspection are satisfied and the warrant "should normally be sought only after entry is refused unless there has been a citizen complaint or there is other satisfactory reason for securing immediate entry." (*Camara, supra,* 387 U.S. at pp. 529, 538-540 [18 L.Ed.2d at pp. 941-942].) Other than the notice of intent to inspect inherent in every request for consent to inspect (which, in most circumstances, the officer must seek prior to obtaining an inspection warrant), and the notice the official gives when he or she displays the inspection warrant and seeks entry, nothing in *Camara* or *See* suggests the Fourth Amendment requires additional notice prior to execution of an inspection warrant.

■ A determination of reasonableness involves a balancing of the need to search against the invasion it entails. (*Camara, supra,* 387 U.S. at p. 537 [18 L.Ed.2d at p. 940].) Our high court has recognized that government has a significant need to routinely inspect for violations of public health and safety standards for private property, and that such inspections involve "a

and explained the purpose in seeking same, renders any search and seizure following the entry unreasonable within the meaning of the Fourth Amendment); *People* v. *Tacy* (1987) 195 Cal.App.3d 1402, 1413 [241 Cal.Rptr. 400] (the knock-notice requirement of Pen. Code, § 1531, which permits forcible entry to execute a search warrant if the officer serving the warrant has given notice of his authority and purpose and has been refused admittance, is "dictated by the standard of 'reasonableness' embedded in the Fourth Amendment," hence, in the absence of exigent circumstances, violation of that statute compels suppression of evidence seized during the search).

[2]Legislative history does not indicate why the 24 hours' notice requirement was enacted. Defendant suggests it is intended "to provide for a minimum invasion of privacy in the service of inspection warrants and to protect a householder's right to be secure in his [or her] home free from surprise governmental intrusion as an implementation of reasonable search policy." To the extent the 24 hours' notice requirement minimizes the invasion of one's privacy by giving that person time to "clean up his or her act" before the officials arrive to execute the warrant, nothing in the Fourth Amendment reasonableness requirement compels such gratuity. Likewise, to the extent 24 hours' notice eliminates surprise, defendant has not cited, and we have not found, any authority indicating such extended notice is compelled by the Fourth Amendment.

relatively limited invasion of . . . privacy." (*Id.*, at pp. 535-537 [18 L.Ed.2d at p. 940].) Balancing these interests, we find no constitutional requirement for 24 hours' notice before serving an inspection warrant. While such notice may minimize the intrusion inherent in inspections for health and safety violations, such intrusion is relatively limited. On the other hand, a 24 hours' notice requirement may frustrate a significant public interest by forewarning a violator so he or she may take steps to make it more difficult to detect health and safety violations. The reasonableness requirement of the Fourth Amendment does not compel such solicitude.

 Defendant disagrees, likening the 24 hours' notice requirement to the knock-notice provisions of Penal Code sections 844 and 1531. (See fn. 1, *ante.*) We are unpersuaded.

The knock-notice provisions embody the Fourth Amendment's reasonableness requirement because they are intended to prevent situations conducive to violent confrontations between the occupants of a home and those who enter without proper notice, thereby protecting the occupants and innocent persons who may be on the premise, as well as safeguarding law enforcement officers who might be injured by a startled and fearful householder. (*Duke* v. *Superior Court* (1969) 1 Cal.3d 314, 321 [82 Cal.Rptr. 348, 461 P.2d 628].) A 24 hours' notice requirement is not necessary to accomplish this safety objective. To the extent a notice requirement relates to one's privacy in his or her home (*ibid.*), defendant has not cited, and we have not found, any authority indicating the Fourth Amendment compels 24 hours' notice to protect a privacy interest.

 In sum, although the officers' failure to comply with the 24 hours' notice provision violated section 1822.56, the officers' nonforcible entry onto the premise armed with an inspection warrant the justification for which defendant does not challenge, after having sought and been refused consent to inspect the residence, was not unreasonable under the Fourth Amendment. (See *Camara, supra,* 387 U.S. 523 [18 L.Ed.2d 930]; *See* v. *Seattle,* supra, 387 U.S. 541 [18 L.Ed.2d 943].) Consequently, the statutory violation does not compel suppression of evidence seized during the inspection pursuant to a consent to search signed by defendant after the officers gained entry to the premises. (Cf. *Tillery, supra,* 211 Cal.App.3d at p. 1580; *Rodriquez, supra,* 199 Cal.App.3d at pp. 1469-1470; *Rawlings, supra,* 42 Cal.App.3d at p. 956.)

II-IV*

. . . . . . . . . . . . . . . . . . . . . . . . . . . .

DISPOSITION

The judgment is affirmed.

Puglia, P. J., and Davis, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 17, 1992.

---

*See footnote, *ante*, page 1208.