967 F.2d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Julian N. TAMAN, for himself and other heirs of Felipe
Fanama; Pilar F. Lisua, Plaintiffs-Appellants,
v.
MARIANAS PUBLIC LAND CORPORATION, Defendant-Appellee.
 No. 90-16254.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 6, 1992.*
Decided July 8, 1992.
 
 Before CYNTHIA HOLCOMB HALL, BRUNETTI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Appellants Julian Taman and Pilar Lisua appeal the dismissal of their 42 U.S.C. § 1983 action as barred by the statute of limitations. Appellants claimed that in 1953 land owned by their ancestor was wrongfully taken by the Trust Territory Government without notice and hearing. We affirm.
 
 
 3
 "A dismissal on statute of limitations grounds presents a question of law reviewed de novo." Donoghue v. Orange County, 848 F.2d 926, 929 (9th Cir.1987). All reasonable inferences should be drawn in favor of the party appealing the dismissal. See Vaughan v. Grijalva, 927 F.2d 476, 478 (9th Cir.1991).
 
 
 4
 The period of limitations for 42 U.S.C. § 1983 is determined by adopting the forum state's statute of limitations for personal injury actions. Wilson v. Garcia, 471 U.S. 261, 276-79 (1985). More precisely, it is "the residual or general personal injury statute of limitations [that] applies." Owens v. Okure, 488 U.S. 235, 236 (1989).
 
 
 5
 In this § 1983 action, the applicable period is the limit of two years for "[a]ctions for injury to or for the death of one caused by the wrongful act or neglect of another." 7 Commonwealth of Mariana Code ("CMC") § 2503(d). This is the "catchall" provision for residual personal injury actions. Del Percio v. Thornsley, 877 F.2d 785, 786 (9th Cir.1989) (California's limit covering "any 'injury to or ... death of one caused by the wrongful act or neglect of another' " is the state's residual personal injury provision.) (footnote omitted).
 
 
 6
 "Generally, the statute of limitations begins to run when a potential plaintiff knows or has reason to know of the asserted injury." De Anza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1086 (9th Cir.1986). The two year statute of limitations began to run, at the latest, for Taman in 1966 when he inquired about the status of the land, and for Lisua in 1977 when she admits she became aware that the land "had been taken away by the government." At these points in time, the appellants were unquestionably on notice that their property interests had been determined by the Trust Territory Government and of the injury they allegedly suffered. This started the running of the limitations period. See id. Yet, appellants did not file suit until August 23, 1989, well beyond the two year period.
 
 
 7
 Appellants argue that the applicable statute of limitations in this case is the Commonwealth's twenty year limit for filing suits to recover land or an interest in land. 7 CMC § 2502(a)(2). This argument is of no avail. Appellants seriously misread the holding of Wilson v. Garcia, 471 U.S. 261 (1985). Wilson allows no room to adopt as the statute of limitations a period for causes of action based on property interests.
 
 
 8
 Appellants also argue that the "statute of limitations does not come into play when a private person's claim against the government implicates violation of the Due Process Clause for lack of notice and hearing." Appellants' reading of the cases they cite for this proposition is too broad. The cases only follow the familiar rule that a cause of action generally does not accrue until the plaintiff knows or has reason to know of the injury. For example, in Schroeder v. City of New York, 371 U.S. 208, 210 (1962), the plaintiff filed suit after the limitations period would have expired if she had known of her injury when it occurred. However, the plaintiff alleged that she did not know of her injury or right to make a claim until one year before she filed suit. Id. at 210-11. She filed suit less than a year after her cause of action accrued and the limitations period began running. Thus, if her allegations were true the case was timely. The Court therefore remanded for further proceedings. Id. at 214. In the present appeal, appellants, by their own allegations, knew of their injury more than two years before they filed suit.
 
 
 9
 Appellants assert two defenses to the statute of limitations; that it was tolled and that it was waived. Neither defense is viable.
 
 
 10
 The Appellants assert that the statute of limitations is tolled because Taman's "case before the Land Commission is still pending." Allegedly, a letter Taman's attorney wrote in 1966 "request[ing] that a determination of ownership be made" for the Fanama property was the first step in exhausting his administrative remedy. The one letter of inquiry plainly is insufficient to create a genuine attempt to exhaust administrative remedies. Moreover, the response from the Land Commission indicates exhaustion, not a continuing proceeding.
 
 
 11
 Appellants' assertion that the statute of limitations was waived by 2 CMC § 4143 also is unavailing. The applicable statute of limitations for general personal injury actions was in no way affected by the statute.
 
 
 12
 The district court correctly ruled that the appellants' claims were time barred. We need not address the appellee's other argument that the Marianas Public Land Corporation is not a proper defendant.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Circuit Rule 36-3