17 F.3d 393
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard E. BECKER, Plaintiff-Appellant,
v.
STATE OF CALIFORNIA, City and County of San Francisco, San
Francisco Bar Association, et al., Defendants-Appellees.
 No. 92-16676.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 26, 1993.*
Decided Feb. 10, 1994.
 
 Before: CHOY, GOODWIN, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard E. Becker appeals pro se the district court's order dismissing his action with prejudice for failure to state a claim, or alternatively, for summary judgment. The underlying district court judgment was entered on May 20, 1992. Becker filed a letter requesting reconsideration on June 1, 1992, and on June 5, 1992, he filed a formal motion for reconsideration. The district court denied Becker's motion for reconsideration on August 24, 1992, and the order denying the motion was entered on August 26, 1992.
 
 
 3
 On September 8, 1992, Becker filed a notice of appeal with this court. Fed.R.App.P. 4(a)(1) states that an appeal in a civil case must be filed within thirty days of the date of entry of the judgment. Becker's appeal was not filed within thirty days of the entry of the district court's judgment dismissing his action, entered on May 20, 1992. However, it was filed within thirty days of the district court's order denying his motion for reconsideration, entered on August 26, 1992. Under Fed.R.App.P. 4(a)(4), a timely motion for reconsideration suspends the time for an appeal from the judgment. To be timely, a motion for reconsideration must be filed within ten days of the entry of judgment. Fed.R.Civ.P. 59(e). Becker's June 1, 1992 letter requesting reconsideration, under the computation dictated by Fed.R.Civ.P. 6(a), was filed within ten days of the judgment entered on May 20, 1992. If we construe the letter filed on June 1, 1992 as a motion for reconsideration then this was a timely motion for reconsideration, and tolled his time to appeal under Fed.R.App.P. 4(a)(4).
 
 
 4
 Becker's June 1, 1992 letter is captioned as a motion for reconsideration. We will give Becker the benefit of the doubt, and construe this letter as a timely motion tolling his time for appeal, and thereby reach the merits of his case. We find that the district court correctly found that Becker failed to state a claim for relief under Fed.R.Civ.P. 12(b)(6), and that grant of summary judgment was also proper on the grounds of immunity and the action being barred by the statute of limitation.
 
 
 5
 Becker's complaint appears to assert three potential claims: (1) violation of the Uniform Child Custody Jurisdiction Act; (2) violation of civil rights laws, presumably 42 U.S.C. Sec. 1983; and (3) professional negligence. He names as defendants the Bar Association of San Francisco, the State of California, the City and County of San Francisco, the Domestic Relations Court, the San Francisco Superior Court, and M. Willoughby.
 
 
 6
 First, Becker's claim regarding a violation of the Uniform Child Custody Jurisdiction Act (UCCJA), Cal.Civ.Code Secs. 5150-5174, fails because it does not state a cognizable cause of action. The UCCJA does not create any federal right of action, as it is a state procedural act. Nor does Becker's citation of the federal Parental Kidnapping Prevention Act (28 U.S.C. Sec. 1738A) provide a cognizable federal claim, as it has been found not to create a private right of action in federal court. See Thompson v. Thompson, 484 U.S. 174 (1988).
 
 
 7
 Becker also failed to state a claim under 42 U.S.C. Sec. 1983. First of all, his claim was properly dismissed under Rule 12(b)(6) because it is "vague, conclusory, and general and does not set forth any material facts in support of the allegations," and therefore cannot withstand a motion to dismiss for failure to state a claim. North Star Int'l v. Arizona Corp. Comm'n, 720 F.2d 578, 583 (9th Cir.1983). Secondly, summary judgment was properly granted. As to defendant State of California, the Eleventh Amendment bars Sec. 1983 actions against the state. Thompson v. City of Los Angeles, 885 F.2d 1439, 1442-43 (9th Cir.1989). As to defendant the City and County of San Francisco, Becker has failed to identify any official policy or custom of that municipality that caused a violation of his civil rights. Monell v. Dept. of Social Servs., 436 U.S. 658, 694 (1978).
 
 
 8
 Becker has also failed to state a claim against the Bar Association of San Francisco (BASF). A complaint does not allege a valid Sec. 1983 claim against a private individual unless it alleges that the specific conduct by that party was the proximate cause of the Sec. 1983 injury. Arnold v. International Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir.1981). Becker was allegedly injured by the poor representation he received from the attorney recommended by the BASF. Even if he could establish that he was constitutionally injured by the services he received from the attorney recommended by the BASF, there would still be no proximate causation between BASF's recommendation and the attorney's rendition of constitutionally infirm service.
 
 
 9
 In regard to Becker's state law claim of professional negligence, the BASF is immune from suit under California Civil Code Sec. 43.95, which immunizes a professional society from suits resulting from the society's referral of a member of the public to a professional, for any act short of those done with "malice." There is no evidence or allegation that BASF acted with malice.
 
 
 10
 Finally, Becker's complaint was barred as to all defendants on the ground that it is barred by the statute of limitation. Ever since Wilson v. Garcia, 471 U.S. 261 (1985), the limitation period under Sec. 1983 is one year in California. De Anza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1085 (9th Cir.1991). Because in this case application of Wilson would be retroactive, the applicable limitation period is either three years from the time the cause of action arose, or one year from when Wilson was decided. See id. The limitation period for attorney negligence is one year frossssm discovery, or four years from the negligent act. Cal.Civ.Proc.Code Sec. 340.6. The acts which Becker complains of occurred in 1982, and his complaint was not filed until 1991. Therefore, his suit is barred by the appropriate statute of limitation for any claims that can be gleaned from his complaint.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3