59 F.3d 174
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 1120 CENTRAL CONDOMINIUMS OWNERS ASSOCIATION; Michelle A.
Brendel; Bruce M. Stark, Plaintiffs-Appellants,
v.
CITY OF SEAL BEACH; Edna Wilson; Gwen Forsythe; Frank
Laszlo; Marilyn Hastings; William Doane; George Brown; Jerry
Bankston; Lee Whittenberg; Barry Curtis; Michael Cho; Don
Cox, dba Cox Construction Co., Defendants-Appellees.
 No. 94-55435.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1995.*
Decided June 21, 1995.
 
 Before: PREGERSON, POOLE, and D.W. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Bruce Stark, Michelle Brendel, and the 1120 Central Condominiums Owners Association (collectively "Stark") appeal the district court's summary judgment for the City of Seal Beach and other defendants (collectively "City"), and contractor Donald Cox, on Stark's Secs. 1983, 1985(3) and 1986 claims. We have jurisdiction under 28 U.S.C. Sec. 1291. We review de novo the district court's summary judgment, Jesinger v. Nevada Fed. Credit Union, 24 F.3d 1127, 1130 (9th Cir. 1994), and we affirm.[1]
 
 
 3
 * The district court concluded that Stark could not make out a Sec. 1983 claim because he had introduced insufficient evidence of actionable conduct within the year preceding suit. We agree.
 
 
 4
 Suits under 42 U.S.C. Sec. 1983 are governed by a one-year statute of limitations in California. De Anza Properties X, Ltd. v. County of Santa Cruz, 936 F.2d 1084, 1085 (9th Cir. 1991); Wilson v. Garcia, 471 U.S. 261, 276 (1995). Even under a continuing violation theory, Stark must still introduce evidence of at least one related act which falls within the limitations period. Green v. Los Angeles County Superintendent of Schools, 883 F.2d 1472, 1480 (9th Cir. 1989).
 
 
 5
 We consider in turn each instance of alleged actionable conduct during the year preceding suit.
 
 
 6
 * The district court concluded that no federal claims could be predicated on the December 1992 inspection of the condominiums because City officials obtained valid consent to the inspection. We agree.
 
 
 7
 City officials sought to inspect the laundry facilities at the condominiums. Tenant Susan Malherbe consented to this search, as she attested in a signed declaration. So long as Malherbe's consent was valid and she had authority to consent, the City could conduct this warrantless search without violating the Fourth Amendment. United States v. Matlock, 415 U.S. 164, 171 (1974).
 
 
 8
 We conclude that Malherbe's consent was valid. While Stark argues that Malherbe's consent may have been coerced, her declaration to the contrary notwithstanding, no evidence supports this contention. Stark references a portion of Malherbe's deposition in which she discusses her cotenant objecting to the March 8 search. This has no bearing on whether Malherbe freely consented to the December 16 search. Stark also references Malherbe's discussion of her declaration during her deposition, but Malherbe actually confirmed the truth of her declaration then: "Q.... Why did you sign [the declaration]? A. ' Cause it's basically what happened."
 
 
 9
 We also reject Stark's contention that Malherbe lacked authority to consent to the laundry search. As a general matter, a third party has authority to consent to the search of areas of mutual use to which she has joint access. Matlock, 415 U.S. at 171 n.7; United States v. Kelley, 953 F.2d 562, 566 (9th Cir. 1992). Authority is to be determined by reference to three factors: "(1) whether the third person has an equal right to access the premises searched; (2) whether the defendant was present at the time the third party consented; and (3) if so, whether the defendant actively opposed the search." United States v. Rosi, 27 F.3d 409, 412 n.2 (9th Cir. 1994).
 
 
 10
 Here, it is undisputed that Malherbe had a key to the laundry and at the least an equal right of access. It is also undisputed that neither Stark nor Brendel were present. Therefore, Malherbe had authority to consent, and the City's search did not violate plaintiffs' Fourth Amendment rights.
 
 B
 
 11
 We also find no genuine issue of material fact as to whether the March 8 search violated any constitutional rights of Stark. Neither the ex parte nature of the warrant proceeding nor any purported lack of actual notice rendered the search unconstitutional.
 
 
 12
 * It is firmly established that nothing in the Fourth Amendment prohibits the issuance of an inspection warrant after an ex parte hearing. Stoddard Lumber Co. v. Marshall, 627 F.2d 984, 989 (9th Cir. 1980); see Marshall v. Barlow's, Inc., 436 U.S. 307, 320-21 & n.15 (1978); cf. Midwest Growers Co-op Corp. v. Kirkemo, 533 F.2d 455, 464 n.21 (9th Cir. 1976) (noting that obtaining administrative warrant ex parte does not constitute bad faith because this is the "traditional method" for obtaining warrants). Nor does due process prohibit the issuance of an ex parte warrant. None of the numerous circuit or Supreme Court cases approving the use of ex parte administrative warrants have even hinted that the very practice approved might actually violate the federal constitution. See, e.g., Barlow's, Inc., 436 U.S. at 320-21; Stoddard Lumber Co., 627 F.2d at 989-90; National-Standard Co. v. Adamkus, 881 F.2d 352, 362-63 (7th Cir. 1989) ("[E]x parte proceedings are the normal means by which warrants are obtained in both criminal and administrative actions ..."); Matter of Keokuk Steel Castings, 638 F.2d 42, 45 (8th Cir. 1981). We decline to reach such a conclusion here.
 
 
 13
 Moreover, nothing in the text of Cal. Code Civ. P. Secs. 1822.50-1822.59 requires that an inspection warrant be issued after a hearing at which both parties are present. The section of the California Code on which Stark relies permits an issuing judge to examine "the applicant and any other witness." Cal. Code Civ. P. Sec. 1822.53. There may be multiple witnesses in support of the application for a warrant, but this possibility does not amount to a requirement that both sides be present. These sections were passed to comply with the strictures on administrative searches imposed by the Supreme Court in Camara v. Municipal Court, 387 U.S. 523 (1967). People v. Tillery, 211 Cal. App. 3d 1569, 1577, 260 Cal. Rptr. 320, 323 (1989). Camara itself places no restrictions on ex parte warrants. We conclude that the ex parte nature of the proceeding was not improper.
 
 2
 
 14
 We also find no basis for a constitutional claim in Stark's allegation that he failed to receive actual notice of the search until it had occurred.
 
 
 15
 The City took several steps to provide notice: it sent notice by certified mail, received by a signatory at Stark's office two days before the search, and it posted notice of the search on the premises. Whether or not these steps complied with the specific notice requirement, Cal. Code Civ. P. Sec. 1822.56, we find no constitutional violation. The Fourth Amendment's requirements do not hinge on state law. California v. Greenwood, 486 U.S. 35, 43 (1988). Post-search notice may in some cases be constitutionally required. United States v. Freitas, 800 F.2d 1451, 1456 (9th cir. 1986). However, neither this court nor the Supreme court has ever interpreted the Fourth Amendment to impose a pre-search notice requirement. See also People v. Lepeilbet, 4 Cal. App. 4th 1208, 1214-15, 6 Cal. Rptr. 2d 371, 374 (1992) ("[T]he Fourth Amendment does not compel officials to give at least 24 hours notice before executing an inspection warrant."). Even if the City failed to give proper notice for the purposes of Sec. 1822.56--and we offer no intimation that it did--that failure would not be actionable under Sec. 1983.[2]
 
 C
 
 16
 In January and February 1992, the City approved modification of the CUP for Stark's property. Stark alleges that the imposition of arbitrary conditions on that approval violated his constitutional rights. He also suggests that any cause of action based on this did not accrue until July 30, 1992, when he formally received a copy of the conditions. We cannot agree.
 
 
 17
 Federal law determines when a Sec. 1983 claim accrues. Gowin v. Altmiller, 663 F.2d 820, 822 (9th Cir. 1981). In this circuit, "[t]he touchstone for determining the commencement of the limitations period is notice: a cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action." Gerritsen v. Consulado General de Mexico, 989 F.2d 340, 344 (9th Cir.), cert. denied, 114 S. Ct. 95 (1993) (internal quotations omitted).
 
 
 18
 Here, Stark had notice of the alleged injury on January 27, 1992. He does not dispute that he was present at the meeting at which the City Council discussed the CUP with the challenged conditions. Conditions A through H were read in their entirety. The City Council then voted to sustain Stark's appeal, subject to these conditions of approval. At that time, therefore, Stark "knew or had reason to know" of the alleged infringement on his rights. Any claim based on the conditional approval of the CUP thus falls outside the statute of limitations and cannot save Stark's suit.
 
 
 19
 We also reject Stark's assertion that equitable estoppel should prevent the City from raising the statute of limitations as a defense. Stark must show that the City intended for him to rely upon delayed formal notice by delaying his filing of suit, or that he could reasonably believe so. See Adams v. Johns-Mansville Corp., 876 F.2d 702, 707 (9th Cir. 1989); Lundeen Coatings Corp. v. Department of Water and Power, 232 Cal. App. 3d 816, 829, 283 Cal. Rptr. 551, 557 (1991). No evidence in the record supports such a conclusion. Estoppel does not apply.
 
 D
 
 20
 Finally, Stark includes among his allegations a series of acts of vandalism against the plaintiffs' property. These allegations do not help. Only two incidents fall within the one year limitations period. Those incidents cannot save the complaint, however; there is no evidence in the record that the City had anything to do with the incidents, beyond Stark's speculation.
 
 
 21
 Because Stark has failed to provide evidence of any violation of constitutional rights within one year of the filing of suit, summary judgment on his Sec. 1983 claims against the City was proper.
 
 II
 
 22
 The same conclusion applies to Stark's Sec. 1985(3) and 1986 claims. The Sec. 1985(3) claim is subject to a one-year statute of limitation. McDougal v. County of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991) (Sec. 1985(3)). Ordinarily, a cause of action for conspiracy to deny civil rights accrues on the date of the "last overt act." See Bergschneider v. Denver, 446 F.2d 569, 569 (9th Cir. 1971); Lambert v. Conrad, 308 F.2d 571, 571 (9th Cir. 1962); Hoffman v. Halden, 268 F.2d 280, 302 (9th Cir. 1959). Thus, here as with the Sec. 1983 claim, Stark must show at least one overt act within the limitations period. Neither search qualifies. Nor does the property vandalism; as mentioned above, Stark presented no evidence tying the City defendants to the vandalism. Nor do the alleged refusal to allow Brendel to access her home during a sporting event, or the alleged refusal of the City police to enforce a TRO against Don Cox; again, nothing in the record ties these acts to the defendants. Because the Sec. 1985(3) claim fails, the Sec. 1986 claim fails as well. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985).[3]
 
 III
 
 23
 Stark challenges the district court's refusal to grant him leave to amend to add a state law claim under California's Unruh Act. We discern no abuse of discretion.
 
 
 24
 The district court denied amendment on the basis of futility, as it was permitted to do. Hinton v. Pacific Enters., 5 F.3d 391, 395 (9th Cir. 1993), cert. denied, 114 S. Ct. 1833 (1994). Amendment would have been futile because the district court would have declined to exercise its discretion to assume supplemental jurisdiction based on the "novel or complex issue[s] of State law" raised by the proposed claim. 28 U.S.C. Sec. 1367(c)(1). The district court properly invoked one of the permitted bases for declining jurisdiction, and properly weighed the Gibbs factors. See Executive Software North Am., Inc. v. United States District Court, 24 F.3d 1545, 1555-57 (9th Cir. 1994); United Mine Workers v. Gibbs, 383 U.S. 715 (1966). Stark makes no attempt to challenge the purported novelty or complexity of the specific state issues identified by the district court. It is not enough to argue, as he does, that the same general types of claims have previously been brought in federal court. The district court did not abuse its discretion in denying amendment.
 
 IV
 
 25
 Finally, Stark challenges the district court's summary judgment in favor of Cox. We find no error.
 
 
 26
 Stark sues Cox only for Sec. 1985(3) and Sec. 1986 violations. To prevail on a Sec. 1985(3) claim, Stark must show 1) a conspiracy, 2) for the purpose of depriving a person of equal protection or the equal privileges of the law, 3) an act in furtherance of the conspiracy, and 4) a deprivation of a right or privilege of United States citizenship, or injury to the person or his property. Griffin v. Breckenridge, 403 U.S. 88, 102-03 (1971); Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).
 
 
 27
 We have carefully reviewed Stark's proposed evidence and allegations regarding Cox's involvement. In essence, Stark asks that a jury infer that, because Stark and Cox did not get along, it was Cox who vandalized Stark's property. Stark also asks the jury to infer that, because Cox and several City officials did get along, Cox and the City must have had an agreement to harass Stark for Stark's support of minority rights. There is no credible basis for making these inferential leaps; these are not "justifiable inferences." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). Because a reasonable jury could not find based on the evidence proffered that Cox was part of a conspiracy, or that the vandalism constituted acts in furtherance of that conspiracy, summary judgment on the Sec. 1985 claim was proper. Because the Sec. 1985 claim fails, the Sec. 1986 claim fails as well. Trerice v. Pedersen, 769 F.2d 1398, 1403 (9th Cir. 1985).
 
 
 28
 AFFIRMED.
 
 
 
 *
 Pursuant to Ninth Circuit Rule 34-4, the panel unanimously finds this case suitable for disposition without oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Stark's motion to allow filing of his reply briefs is granted. Stark's motion to strike the City's supplemental excerpt of record is denied
 
 
 [2]
 To the extent Stark suggests the searches violated not the Fourth Amendment but his equal protection rights, because the City was engaged in selective enforcement, he has not made out even a prima facie case. See United States v. Armstrong, 48 F.3d 1508, 1512-13 & n.1 (9th Cir. 1995) (en banc) (to obtain even discovery on such a claim, plaintiff must present at least some evidence of discriminatory application and discriminatory intent)
 
 
 [3]
 Stark suggests that there are equitable issues that the district court failed to address when it granted summary judgment on all his claims. However, the fact that Stark seeks equitable relief does nothing to change the nature or proper resolution of the complaint, because "whether [an] action is in equity or in law a statute of limitations is applicable." In re Peebles' Estate, 27 Cal. App. 3d 163, 166, 103 Cal. Rptr. 560, 562 (1972). Stark must still show some wrongful conduct within the past year. This he has not done
 Stark also challenges the district court's decision to strike several paragraphs from his second amended complaint pursuant to Fed. R. Civ. P. 12(f). We need not address the merits of this contention because none of the struck paragraphs alleged conduct occurring in the year prior to suit.