William Jeffrey GILLIAM, Plaintiff–Appellant,

v.

NAPA COUNTY, CALIFORNIA; et al., Defendants–Appellees.

No. 02–16826.

D.C. No. CV–02–00705–WHA.

United States Court of Appeals, Ninth Circuit.

---

Submitted July 21, 2003.*

Decided July 25, 2003.

Before LEAVY, HAWKINS, and RAWLINSON, Circuit Judges.

* The panel unanimously finds this case suitable for decision without oral argument, and de- nies Gilliam's request for oral argument.  *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM**

William Jeffrey Gilliam appeals pro se the district court's judgment dismissing his 42 U.S.C. §§ 1983 and 1985 action alleging violations of his Fourth and Fourteenth Amendment rights by Napa County government agencies, Napa County officials, and private individuals in connection with child protective proceedings and juvenile delinquency proceedings.[1] We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district court's dismissal for failure to state a claim. *See Broam v. Bogan*, 320 F.3d 1023, 1033 (9th Cir.2003). We affirm.

■ Gilliam alleged that the child protective proceedings began with interviews in September 2000 and ended with a favorable court decision in December 2000. Gilliam's harm from the child protective proceedings therefore accrued, at the latest, in December 2000 and the district court properly dismissed the claims arising out of these proceedings under California's one-year statute of limitations. *See Gerritsen v. Consulado General de Mexico*, 989 F.2d 340, 344 (9th Cir.1993) (holding cause of action generally accrues when a plaintiff knows or has reason to know of the injury which is the basis of his action); *De Anza Properties X, Ltd. v. County of Santa Cruz*, 936 F.2d 1084, 1085 (9th Cir.1991) (holding section 1983 actions in California are subject to a one-year statute of limitations).

■ Contrary to Gilliam's contention, the continuing violation doctrine does not apply because the child protective proceedings concluded in December 2000. *See Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir.1981) (continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation).

■ Furthermore, the statute of limitations in Gilliam's section 1983 action is not tolled by *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) because there are no criminal charges pending against Gilliam. *Cf. Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir. 2000). Similarly, Gilliam lacks standing to bring claims on behalf of his minor son Jason because he is neither a custodial parent nor a legal guardian. *See United States v. Bennett*, 147 F.3d 912, 914 (9th Cir.1998).

■ Although not barred by the statute of limitations, the district court properly dismissed Gilliam's claims stemming from the juvenile delinquency proceedings based on absolute immunity. *See Miller v. Gammie*, 335 F.3d 889, 898 (9th Cir.2003) (en banc) (holding social workers are entitled to absolute immunity for the initiation and pursuit of dependency proceedings); *Broam*, 320 F.3d at 1029–30 (holding a prosecutor absolutely immune from liability for initiating criminal proceedings regardless of the motive for doing so and despite the knowing use of false testimony at trial); *Demoran v. Witt*, 781 F.2d 155, 156–57 (9th Cir.1985) (holding that probation officers preparing reports for the use of state courts possess absolute judicial immunity from damage suits under section 1983).

■ Finally, the district court properly dismissed Gilliam's claims that defendants engaged in a conspiracy because he failed

---

1. Because Gilliam is proceeding pro se, he cannot bring a cause of action on behalf of his minor children without obtaining counsel. *See Johns v. County of San Diego*, 114 F.3d 874, 877 (9th Cir.1997).

to allege specific facts to support his allegation. *See Karim–Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 626 (9th Cir. 1988).

We reject all remaining contentions.

We deny defendants' motion to strike portions of Gilliam's opening brief.

AFFIRMED.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, appellant's request for oral argument, filed March 24, 2003, is denied.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.